PETERS, Judge ad hoc.
This is a suit for $4250 allegedly due under a verbal contract between plaintiff and defendant. Plaintiff is a bulldozer operator. In November and December of 1974, he spent fifty hours repiling cut timber on defendant’s property with a bulldozer. The issue presented in the trial court and on appeal is whether this work was done pursuant to any contract between plaintiff and defendant.
Plaintiff alleges that before he started to work defendant agreed to pay him at the rate of $85 per hour for all work done. He also alleges that he did the entire fifty hours of work with a single Caterpillar D8-H bulldozer.
Defendant contends that he does not owe $85 per hour for the entire fifty hours. He claims that when he first talked with plaintiff about the job he told plaintiff he wanted the job done at a fixed contract price. Plaintiff replied that his father owned the bulldozer and was the only person who could offer a contract price. Plaintiff agreed to have his father come soon to offer a contract; he and defendant agreed that in the meantime plaintiff would start the job and would charge $85 per hour for whatever work was done. Plaintiff worked seventeen hours the first *638 two days and defendant claims plaintiff completed about 50% of the job in those seventeen hours. Plaintiff’s father never came to discuss a contract price and plaintiff continued to work on the job from time to time without any further discussion of price. Defendant claims, however, that after the first seventeen hours of work plaintiff substituted a smaller bulldozer—a Caterpillar D8-H. With the smaller bulldozer, plaintiff was unable to make as much progress as with the larger one and therefore accomplished in the last thirty-three hours only half as much as he accomplished in the first seventeen hours. Plaintiff denied all of defendant’s allegations.
The trial court awarded plaintiff $85.00 per hour for the first seventeen hours and $55.00 per hour for the last thrity-three hours, or a total of $3260. Plaintiff has appealed, asking that the award be increased to $4250. Defendant has answered the appeal, asking that the award be reduced to $2765. The trial judge obviously believed defendant’s version of what happened. His conclusion is supported by the evidence and therefore will not be disturbed.
Defendant concedes he owes plaintiff $85 per hour for the first seventeen hours. In addition, he signed a time slip dated November 15, 1974 acknowledging that plaintiff had done five hours of work on that day at an hourly rate of $85. Thus the evidence shows that defendant agreed to pay $85 per hour for 22 hours of work—seventeen hours on the first two days and five hours on November 15—mak-ing a total indebtedness of $1,870.00 for the first 22 hours of work. The remaining twenty-eight hours of work was not performed pursuant to any contract between plaintiff and defendant; first, because defendant agreed to pay $85 per hour only to have the job started; and, second, because plaintiff switched from the larger bulldozer agreed upon to a smaller one. Plaintiff is, however,, entitled to recover for the last twenty-eight hours of work under the doctrine of quantum meruit. LSA-C.C. 1965; 2292-2294; Jones v. City of Lake Charles, 295 So.2d 914 (La.App. 3 Cir. 1974).
David Paul Hebert, a contractor who does bulldozer work, testified at trial that he charges $40 to $45 per hour for work done with Caterpillar D8-H bulldozer. He also stated that other contractors in the area charged between $40 and $50 per hour for that work. We think plaintiffs are entitled to recover between $40 and $50 per hour for the last 28 hours of work performed by them.
As already noted, plaintiffs are entitled to be paid $1,870.00 for the first 22 hours of work done by them. After deducting that amount from the total award of $3,260.00 made by the trial court, the remaining $1,390.00 of the award constitutes an allowance of $49.64 per hour for the last 28 hours of work performed by plaintiffs. We think the amount awarded by the trial court reasonably and adequately compensates plaintiffs for all of the work which they performed, including the 22 hours of work with the larger machine and 28 hours of work with the smaller one. For that reason, the determination made by the trial court will not be disturbed.
The judgment • appealed from is affirmed. The costs of this appeal are assessed to plaintiffs-appellants.
Affirmed.
GUIDRY, J., dissents and assigns written reasons.